IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANGELA VALLEY,

    Plaintiff,

v.

PACUR, LLC,

    Defendant.

CIVIL ACTION NO. 21 CV 627

JURY TRIAL DEMANDED

# COMPLAINT

NOW COMES the Plaintiff, Angela Valley, by and through her attorneys, McDonald & Kloth, LLC, and as and for her cause of action against the Defendant, Pacur, LLC, alleges as follows:

## NATURE OF ACTION

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 42 U.S.C. §2000e-2 et seq. ("Title VII"), to correct unlawful employment practices on the basis of sex and opposition to discrimination and harassment in the workplace. Plaintiff seeks reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, consequential damages, compensatory damages, punitive damages, injunctive relief, attorney's fees, costs, and any other such relief the Court may deem appropriate.

## PARTIES

2. Angela Valley (hereinafter, "Valley" or "Plaintiff") is an adult resident of the State of Wisconsin with a residence located at N378 Military Road, Sherwood, Wisconsin 54169.

1

3. Pacur, LLC (hereinafter, "Pacur") is a Wisconsin corporation with a principal place of business located at 3555 Moser Street, Oshkosh, Wisconsin 54901. The registered agent for service of process for Pacur is Barry Johnson, 3555 Moser Street, Oshkosh, Wisconsin 54901.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 et seq.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred within this District, and Defendant has substantial and systematic contacts in this District.

## FACTUAL ALLEGATIONS

6. Valley became employed with Pacur on or about September 19, 2019 as a Machine Operator.

7. Valley successfully completed all training for the Machine Operator position requested by Pacur.

8. Valley's direct supervisor throughout her employment was Joe Spanbauer ("Spanbauer").

9. Spanbauer had the authority to discipline Valley.

10. Spanbauer had the authority to terminate Valley's employment.

11. Spanbauer had the authority to demote Valley and reduce Valley's hours.

12. Spanbauer had the authority to change Valley's work schedule.

13. Valley was the only female Machine Operator on Spanbauer's crew during the time of Valley's employment.

14. Beginning very shortly after becoming employed with Pacur, Valley observed that Spanbauer and his crew did not want a female on their crew.

15. Spanbauer made it known – both verbally and through his actions – that he did not want a woman on his crew.

16. Spanbauer and the other male employees on Spanbauer's crew treated Valley much less favorably than the male employees on her crew because of her gender.

17. Spanbauer stated to one of Valley's male coworkers that he "did not want a woman on the crew because he was afraid he would have to fire one of the guys."

18. More than one of Valley's male coworkers told her that a woman could not perform the work required of a Machine Operator at Pacur.

19. Valley was told that Spanbauer never allowed a female Machine Operator to remain on his crew.

20. More than one of Valley's male coworkers told her that Spanbauer made female employees on his crew perform the least desirable tasks to make them quit.

21. Spanbauer often asked Valley, "why are you still here?" implying that Valley should quit her employment at Pacur.

22. Spanbauer forced Valley to perform tasks outside her job description while not making Valley's male coworkers perform the same tasks.

23. Spanbauer forced Valley to scrub the shipping and receiving dock doors and walls. This task was not part of Valley's job description and Spanbauer did not force any male workers to perform the same task.

24. Valley observed Spanbauer tell another male worker that Valley will never be an Operator on his crew.

25. Spanbauer promoted male workers with less experience and qualifications over Valley.

26. Spanbauer treated Valley much more negatively than her male coworkers with respect to work direction, disciplinary action, and training. Spanbauer refused to provide Valley with the same or similar training as her male coworkers.

27. Spanbauer forced Valley to perform undesirable tasks (often outside her job description) if she committed a mistake, whereas he would not require her male coworkers to do any additional work when they committed an error.

28. Valley objected to Spanbauer's mistreatment of her based upon her gender, but Spanbauer ignored her objections.

29. Spanbauer permitted and often encouraged male employees to make Valley's job more difficult. Valley's male coworkers intentionally made messes (such as dumping garbage on the floor) and required Valley to clean it up, spit chewing tobacco on the floor directly in front of Valley immediately after Valley had just cleaned the floor, called Valley derogatory names such as "stupid bitch," told Valley that no one liked her and that she would never receive the same pay as they did.

30. Spanbauer was aware of the conduct alleged in the preceding paragraph but did nothing to stop Valley's male coworkers from engaging in the conduct.

31. Valley complained to Spanbauer about the male coworkers engaging in the conduct alleged herein, but Spanbauer did nothing to stop their conduct.

32. In the spring of 2020, Valley was subjected to sexual harassment by one of her male coworkers, Kevin Kopchezike ("Kopchezike").

33. Spanbauer and several of Valley's male coworkers were aware of the sexual harassment by Kopchezike but did nothing to stop it.

34. Kopchezike regularly made sexually inappropriate comments to Valley in the workplace, both verbally and via text message.

35. Valley notified Spanbauer that she was being sexually harassed by Kopchezike, and asked Spanbauer to make him Kopchezike stop. Spanbauer did nothing to stop the harassment and Kopchezike proceeded to subject Valley to further harassment.

36. On February 6, 2020, Kopchezike sent Valley a text message stating "Morning soldger u up and ready 2 get your clam pounded?"

37. On another occasion, Kopchezike cornered Valley at work by the bathroom and stated that he wanted to "fuck [her] so bad."

38. Kopchezike's sexual misconduct was unwelcome at all times and Valley objected to Kopchezike's unwelcome sexual misconduct.

39. On March 3, 2020, Valley again objected to Kopchezike's inappropriate sexual conduct and told him to stop.

40. Kopchezike responded by making even more sexually inappropriate comments.

41. In late March 2020, Valley complained to Spanbauer about Kopchezike's unwelcome sexual conduct.

42. Spanbauer took no action to stop Kopchezike's unwelcome sexual conduct.

43. In late March 2020, Valley complained to Pacur's human resources department about Kopchezike's unwelcome sexual conduct and Spanbauer's repeated acts of discrimination based upon gender.

44. Pacur's human resources department took no action to stop Kopchezike from engaging in sexual harassment. Similarly, Pacur's human resources department took no action to stop Spanbauer from engaging in discrimination based upon Valley's gender.

45. Around this time, Pacur demoted Valley from Machine Operator to Cleaning Personnel.

46. Pacur changed Valley's work schedule as a result of the demotion. Pacur required Valley to work split-shifts, seven days per week. The split-shifts required Valley to leave work for approximately 4 ½ hours between shifts.

47. Pacur did not provide Valley with any reason for the demotion.

48. Kopchezike continued to subject Valley to unwelcome sexual conduct in the workplace and Spanbauer continued to treat Valley negatively based upon her gender.

49. On April 25, 2020, Kopchezike sent Valley a text message stating "I bet u a wild 1 who takes control. Bet I could hit u g spot lickin u clit it hard 2 do but I have been told I got a amazing tongue. I enjoy lickin clit turns me on so bad wow stop that I so fucken horney."

50. In late April 2020, Kopchezike again cornered Valley near the men's bathroom and said "I'll bet your pussy is really tight. When are you gonna let me feel it? Wanna feel how hard my cock is for you just from thinking about how hard I'm gonna pound your clam the first chance I get?"

51. Valley did not respond to Kopchezike's disgusting messages and comments.

52. On Monday, April 27, 2020, Valley again complained to Pacur's human resources department about Kopchezike's unwelcome sexual misconduct and Spanbauer's discriminatory conduct. Valley provided Pacur with statements, copies of text messages, and audio recordings supporting her complaints.

53. Pacur did not investigate Valley's complaints.

54. Pacur did not take any remedial action in response to Valley's complaints.

55. Pacur met with Valley's witnesses and required them to sign non-disclosure agreements prohibiting them from speaking about the events they observed.

56. On April 30, 2020, Pacur placed Valley on unpaid administrative leave.

57. On or about May 11, 2020, Pacur terminated Valley's employment.

58. Valley received a Right to Sue Letter from the EEOC, dated March 9, 2021.

59. All conditions precedent have been fulfilled.

## **LEGAL CLAIMS**

### VIOLATION OF TITLE VII

### DISCRIMINATION BASED UPON GENDER, SEXUAL HARASSMENT, AND RETALIATION

60. Valley incorporates paragraphs 1 through 59 as if fully set forth herein.

61. Valley is a member of a protected class as she is female.

62. Spanbauer treated Valley less favorably than her male coworkers because of her gender.

63. Spanbauer harassed Valley based upon her gender and created a hostile work environment for Valley.

64. Spanbauer permitted Valley's male coworkers to harass her and subject her to a hostile work environment because of her gender.

65. The harassment by Spanbauer and Valley's male coworkers was severe or pervasive.

66. Valley complained to Pacur about Spanbauer and her male coworkers harassing her and discriminating against her.

67. Pacur did not take prompt remedial action to stop Spanbauer and Valley's male coworkers from harassing and discriminating against Valley.

68. Kopchezike subjected Valley to unwelcome sexual conduct in the workplace.

69. Kopchezike created a hostile work environment for Valley.

70. Kopchezike's inappropriate sexual conduct was severe or pervasive.

71. Valley complained to Spanbauer and Pacur about Kopchezike's inappropriate and unwelcome sexual conduct.

72. Spanbauer and Pacur failed to take prompt remedial action to stop Kopchezike's harassment of Valley.

73. Pacur demoted Valley because she opposed discrimination and harassment in the workplace.

74. Pacur placed Valley on unpaid administrative leave because she opposed discrimination and harassment in the workplace.

75. Pacur terminated Valley's employment because she opposed discrimination and harassment in the workplace.

76. Pacur demoted Valley, placed Valley on an unpaid administrative leave, and terminated Valley's employment because of her gender.

77. Pacur created a hostile work environment for Valley.

78. Valley has incurred substantial damages as a result of the discrimination, sexual harassment, and retaliation including but not limited to, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Angela Valley, and against the Defendants, Pacur, LLC for all damages, costs, fees, and equitable remedies alleged herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 19th day of May, 2021.

                                        **MCDONALD & KLOTH, LLC**
                                        Attorneys for Angela Valley

                          By:    s/Shannon D. McDonald
                                        Shannon D. McDonald
                                        WI Bar No. 1036954

MCDONALD & KLOTH, LLC
N96W18221 County Line Rd. #200
Menomonee Falls, WI 53051
262-252-9122 (Office)
262-252-9123 (Direct)
414-395-8773 (Fax)
sdm@themklaw.com